HENRY L. KENDALL & Co. *v.* CORNELIUS V. S. GIBBS & Co.

A contingent equitable interest in real estate, under a subsisting express trust, is not attachable.

ASSUMPSIT against the defendants as acceptors of a bill of exchange and makers of three promissory notes, due to the plaintiffs, in all amounting to the sum of about $5,700 ; the writ being served only by attachment of all the right, title, and interest of the defendants in two farms, of upwards of an hundred acres each, one situated in Newport, and the other in Middletown, in this state.

Plea, in abatement, that at the time of the pretended service of the writ, the defendants, or either of them, had no right, title, or interest in the tracts of land attempted to be attached.

Replication, setting forth the title of the defendants, as sons of William C. Gibbs of Newport, to the real estate attached, under the *eighth* clause of the will of Mary Gibbs, their grandmother, late of Newport, deceased, the said William C. being in full life ; which clause was as follows :—

" *Eighth.* I give and devise to my brother, Walter Channing of Boston aforesaid, Esquire, all my dwelling-houses, farms, lands, and real estate situate in the state of Rhode Island, and also all my lands, dwelling-houses, and real estate of every description situate in the commonwealth of Massachusetts or elsewhere, to have and to hold the same farms, lands, houses, and real estate to him the said Walter, his heirs and assigns, *upon the special trusts following*, *and no other*, to wit: that he and his assigns shall and do take, or cause to be taken, reasonable and proper care of said lands, dwelling-houses, and other real estate, and at his discretion, maintain and preserve the buildings in repair, and make such improvement of the farms as he shall think necessary for the interest of my children, and shall and do take and receive the rents, issues, and profits of said farms, dwelling-houses, and other real estate, during the lives of my said children, George, *William C.*, Ruth, and Sarah, the survivors and survivor of them; and after deducting from

the same all the expense of maintaining and preserving the buildings in repair, and making such improvements of the farms as he or they shall judge to be necessary or for the interest of my said children, and a reasonable compensation to himself or themselves for his or their services therein, shall and do pay the rest and residue of all said rents, issues, and profits semi-annually, to and among my said children, equally, during their joint lives; and if one or more of them should die before me, leaving issue, then to pay to such issue the parent's share or proportion thereof; and if without leaving issue, then to pay such deceased child's share or proportion to and among my surviving children equally; And upon this *further trust*, that from and after the decease of any and each of my said children, after my decease, leaving issue, the said Walter, his heirs and assigns, shall and do pay to the issue of such child the whole of the share of rents, issues, and profits, his or her parent, my child, would have been entitled to if living, during the lives of my surviving children, the survivors and survivor of them, equally to be divided among such issue; and if my child, so dying, shall leave no issue, then to pay the whole of such child's share of said rents, issues, and profits to my surviving children, and the issue of such as shall have deceased, equally among them, according to the stocks, during the lives of my said children and the survivors and survivor of them; and upon and after the decease of the longest liver of my said children, then upon *this further trust and confidence*, that said Walter, his heirs and assigns, shall and do, by proper and legal deeds and instruments for the purpose, convey, assign, and transfer to the children of my said children, and the issue, if any, of such grandchild or grandchildren as may have deceased, (the children of a deceased child or grandchild in all cases in this will to represent their parent,) all the aforesaid lands, dwelling-houses, and other real estate herein given in trust to said Walter, and all his and their right, interest, and estate therein, to be equally divided among them, according to stocks; and I do hereby, further, expressly grant, devise, and direct, that all the aforesaid lands, dwelling-houses, and other real estate, before mentioned, shall, from and after the decease of the longest liver

of my said children, be and remain to the sole use and behoof of the children of my deceased children, and the children of such of my grandchildren, if any, as shall have deceased, and their heirs, in fee-simple, forever, in the shares and proportions aforesaid."

To this replication, there was a general demurrer and joinder.

*Bradley,* for the defendants :—

1st. The interest of the defendants in the lands under attachment is merely a contingent one, and is an equitable, not a legal estate. *Sohier et al.* v. *Williams et al.* 1 Curtis, 491.

2d. Equitable interests are not liable to attachment. *Van Ness* v. *Hyatt,* 13 Pet. 298 ; *Russell* v. *Lewis,* 2 Pick. 508 ; *Wilkes* v. *Ferris,* 5 Johns. 335 ; *Smith* v. *Kearney,* 2 Barb. Ch. 533 ; *Wright* v. *Douglass,* 3 Barb. Sup. Ct. R. 554 ; *Baker* v. *Copenbarger,* 15 Ill. 103. See also Williams on Real Property, 214.

3d. The interest, whether vested or contingent, is too uncertain to be made the subject of an attachment.

*T. A. Jenckes,* for the plaintiffs :—

1st. The defendants, as children of William C. Gibbs, took a vested remainder in fee in the real estate attached, or if not, a vested estate in remainder as to the whole estate ; yet it was vested as to the rents and profits of said estate during the joint lives of the children of Mary Gibbs and of the survivor of them. *Sohier et al.* v. *Williams et al.* 1 Curtis, 479 ; *Nodine* v. *Greenfield,* 7 Paige, R. 544. See also the thirteenth clause of said will, by which the property attached is excepted out of the power of sale given to the trustees by said will. 1 Jarman on Wills, ch. 25, p. 726 ; *Edwards* v. *Hammond,* 3 Levinz, 132 ; 2 Show, 398 ; 1 Bos. & P. (N. R.) 323, 324 ; *Doe* d. *Roak* v. *Newell,* 1 Maule & Sel. 327 ; *Doe* d. *Dolly* v. *Ward,* 9 Ad. & Ell. 582 ; *Phipps* v. *Williams,* 5 Sim. 44 ; *Snow* v. *Plowden,* 1 Keen, 186 ; *Brown* v. *Lord Kenyon,* 3 Madd. 410.

2d. That if said remainder, so given to said defendants by said will, was subject to be devested by the contingency of their dying before their father, yet such contingency had not happened at the date of the service of said writ ; and the estate of

the said defendant's property attached was a valid and subsisting estate at the date of the attachment.

BOSWORTH, J.[1] The writ in this case was served by attaching the right, title, and interest of the defendants in several pieces of real estate situate in Newport. The defendants plead, in abatement, that at the time of the pretended service, they had no right, title, or interest in the premises attached. The plaintiffs reply, setting up a title under the will of Mary Gibbs, (which will is embodied in the plea,) by which they aver that a title to the land attached is vested in the defendants. The defendants demur, and the plaintiffs join in the demurrer.

The question raised is, whether, under the will of Mary Gibbs, the defendants took an interest in the estate which was liable to attachment in this suit. In the eighth clause of the said will, the testatrix gives a large amount of real estate, including the estate here in question, to her brother, Walter Channing, his heirs and assigns, upon the *special trusts* that he and his assigns shall take care of the estate, preserve the buildings in repair, make necessary and proper improvements, &c. during the lives of her children, George, Wm. C., Ruth, and Sarah; and out of the rents and issues and profits of said real estate, after deducting expenses and compensation, pay the rest and residue of such rents, issues, and profits, semi-annually, to and among her said children equally, during their joint lives; and if one of them should die before the testator, leaving issue, then to pay to such issue the parent's share; and if without leaving issue, then to pay such deceased child's share to her surviving children. The will then provides, upon further trust, for the payment of the rents and profits of the estate among the issue of her children, in case of the death of any of her children, during the lives of her children or the survivor or survivors of them. After the decease of the longest liver of her children, it is provided, in further trust, that the said Walter Channing, his heirs and assigns, shall convey the estate to the children of her children, and the issue (if any) of such grandchild or grandchildren as may have deceased, (the children of a deceased

---

[1] The chief justice, having been of counsel, did not sit in this cause.

child or grandchild in all cases to represent their parents,) to be equally divided among them, according to stocks, to be held by them in fee-simple in the shares and proportions aforesaid.

The defendants in this suit are sons of William C. Gibbs, one of the sons of Mary Gibbs, the testatrix.

The legal estate in the premises was vested in Walter Channing, his heirs and assigns, by the terms of this will; and the defendants' interest, if any they have, is an equitable interest only.

At common law, only the legal title to property is liable to attachment and seizure on execution. Property held in trust is not liable to be taken for the debts of the *cestui que trust.* This doctrine has never been questioned in so far as it relates to express trusts, however otherwise some courts may have held in regard to trusts arising by implication. The English statutes have superseded the common law in this respect, and so have the statutes of many of the states in this country. In our state, no statute exists which extends to such cases, and the common law alone must be our guide. The legal estate in the premises in this case is vested in the trustee; and he is, by the terms of Mary Gibbs' will, charged with such duties as make it necessary that the legal estate should remain in him. The interest of the defendant in the fee of the estate is contingent. If the defendants survive the last survivor of the children of the testator, they will then be entitled to have an interest in the estate conveyed to them. Until then, nothing but an equitable interest has vested or can vest in them. Such an interest, not being attachable in this state, there is no service of the writ in this case. The demurrer is therefore sustained, and the action dismissed for want of service.